IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BRADLEY MIDDLETON, | |
| Plaintiff, | No. 3:21-cv-01790-MO |
| v. | OPINION AND ORDER |
| JOSEPH CANFIELD, | |
| Defendant. | |

MOSMAN, J.,

This case comes before me on Defendant's Motions to Dismiss [ECF 40] and Compel [ECF 41]. During the pendency of these motions, the Parties filed a joint Stipulated Motion for a Judgment of Dismissal [ECF 58]. That stipulation provides for all claims to be dismissed without prejudice based on the Parties' agreements. But the stipulation also requests that I decide the Motion to Compel before dismissing the case. For the following reasons, I DENY Defendant's Motion to Compel. And, in the light of the Stipulated Motion for a Judgment of Dismissal, I DENY AS MOOT Defendant's Motion to Dismiss.

### BACKGROUND

Defendant's Motion to Compel alleges that Plaintiff has failed to produce four documents. Plaintiff contends these documents may permissibly be withheld under either the common interest privilege or the work product doctrine. The Parties have labeled the four documents PRIV_0045, PRIV_0046, PRIV_0084, and PRIV_0085.

1 – OPINION AND ORDER

PRIV_0045 and PRIV_0046 are an email and its attachment between Plaintiff and his brother, Chris Middleton ("Chris"). Plaintiff emailed Chris a draft summary of coins that were part of their father's estate. Pl.'s Resp. to Def's. Mot. to Compel. [ECF 46] at 6–7. According to Plaintiff, Chris had specialized knowledge about the coins and their value that would aid Plaintiff in creating an accurate inventory. *Id.* Chris replied by sending Plaintiff an email (PRIV_0045) attaching his notes (PRIV_0046) on the estimated value of various coins on July 25, 2021. *Id.* at 7, 11–12. Plaintiff and Chris Middleton prepared these valuations for the purposes of the probate proceeding and at counsel's request. *Id.* at 7.

PRIV_0084 and PRIV_0085 are also an email and its attachment between Plaintiff and Chris. Chris sent Plaintiff an email (PRIV_0084) and attachment (PRIV_0085) on June 6, 2021, in preparation for a June 9, 2021, mediation between the parties. *Id.* at 14. Similar to PRIV_0045 and PRIV_0046, the email was a cover email for the attachment, which again included Chris's analysis of the decedent's coin collection. *Id.* The purpose of the analysis was to assist Plaintiff and his counsel in preparation for the mediation. *Id.*

## LEGAL STANDARD

The common interest or joint defense privilege is "an extension of the attorney-client privilege." *United States v. Gonzalez*, 669 F.3d 974, 978 (9th Cir. 2012). It is an "exception to ordinary waiver rules" and is "designed to allow attorneys for different clients pursuing a common legal strategy to communicate with each other." *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012).

"[T]he work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238–39 (1975). Federal Rule of Civil Procedure 26(b)(3)(A) codified and expanded

this longstanding protection, prohibiting a party from discovering documents prepared in anticipation of litigation by the party's adversary or its adversary's "attorney, consultant, surety, indemnitor, insurer, or agent." *Id.* The Ninth Circuit has held that documents prepared for the party itself are also covered by the work product doctrine, if done in anticipation of litigation. *In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004); *see also* WRIGHT & MILLER, 8 FED. PRAC. & PROC. § 2024 (3d ed. 2022) (noting that work product protection was extended "to documents and things prepared for litigation or trial by *or for the adverse party itself*") (emphasis added).

The party asserting protections against disclosure has the burden of proof. *See United States v. Gonzalez*, 669 F.3d 974, 979–81 (9th Cir. 2012).

## DISCUSSION

The common interest privilege does not apply to these documents. First, it is unclear that the brothers have a common interest. It is true that both are parties to the probate proceeding and therefore want the value of the decedent's estate to be larger, rather than smaller. But the brothers also may be adverse, in that they may fight over who gets what once the estate has been fully collected. Furthermore, it is communications between *attorneys* for litigants that are protected by the common interest privilege, not direct communications between litigants themselves. *See Pac. Pictures Corp.*, 679 F.3d at 1129.

On the other hand, the work product doctrine does apply to these documents. The coin analysis and cover emails are documents that were prepared in anticipation of litigation. As discussed above, Chris Middleton prepared these materials for Plaintiff on the coin collection that is the very subject of the litigation. Chris Middleton knew that his notes would be used for that litigation and was asked to prepare those notes in that context. Plaintiff further contends this was all done at the direction of counsel. As such, these materials are covered by Federal Rule of Civil

3 – OPINION AND ORDER

Procedure 26(b)(3)(A)'s expanded formulation of the work product doctrine, which shields from disclosure "documents" that are "prepared . . . for" a party "in anticipation of litigation." Fed. R. Civ. P. 26(b)(3)(A). Plaintiff may therefore permissibly refuse to produce PRIV_0045, PRIV_0046, PRIV_0084, and PRIV_0085.

## CONCLUSION

For the reasons discussed above, I DENY Defendant's Motion to Compel [ECF 41]. Because of the Parties' Stipulated Motion for a Judgment of Dismissal [ECF 58], I also DENY AS MOOT Defendant's Motion to Dismiss [ECF 40].

IT IS SO ORDERED.

DATED this 20 day of Oct., 2022.

_____
MICHAEL W. MOSMAN
Senior United States District Judge

4 – OPINION AND ORDER